IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROCKHILL INSURANCE COMPANY, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:17-00480-N |
| SANDRA ROGERS, *individually* *And as personal representative of* *the Estate of Dustin Rogers*, and CRANE INSPECTION SERVICES, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This action is before the Court *sua sponte* on review of its subject matter jurisdiction.[1] Plaintiff Rockhill Insurance Company ("the Plaintiff") initiated this action by filing a complaint (Doc. 1) with the Court, alleging diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction…").[2]

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

[2] Though the complaint alleges a claim for declaratory judgment under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, "it is well established that the

> When a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). **That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.** *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added) (footnote omitted). *See also, e.g.*, *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." (citing *Mas v. Perry*, 489 F.2d

---

Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal courts." *Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 861–62 (11th Cir. 2008).

1396 (5th Cir. 1974)).³ Upon review of the complaint (Doc. 1), the undersigned finds that the Plaintiff must correct the following deficiencies in its allegations as to the citizenship of Defendant Sandra Rogers:

1. With regard to the suit against Sandra Rogers in her individual capacity, the Plaintiff alleges only that Sandra Rogers "was a **resident** of Alabama at all times relevant hereto." (Doc. 1 at 1, ¶ 2 (emphasis added)). The Eleventh Circuit has repeatedly stressed that residence alone does not establish citizenship for purposes of § 1332(a). *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("**Citizenship**, not residence, is the key fact that **must be alleged** . . . to establish diversity for a natural person." (emphasis added)); *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("As we indicated in remanding this case for jurisdictional findings, the allegations in Travaglio's complaint about her citizenship are fatally defective. Residence alone is not enough."); *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011) ("Ordinarily, the complaint must allege the citizenship, not residence, of the natural defendants."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 778 (11th Cir. 2008) (per curiam) (unpublished) ("The plaintiffs' complaint alleges only the residence of the nearly 100 plaintiffs, not their states of citizenship. Because the plaintiffs have the burden to affirmatively allege facts demonstrating the existence of

---

³ "In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), [the Eleventh Circuit] adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981." *Travaglio*, 735 F.3d at 1268 n.1.

jurisdiction and failed to allege the citizenship of the individual plaintiffs, the district court lacked subject matter jurisdiction on the face of the complaint." (internal citation and quotation omitted)); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (per curiam) (unpublished) ("The allegation that Crist is a 'resident' of Florida is insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship." (citing *Cong. of Racial Equal. v. Clemmons*, 323 F.2d 54, 58 (5th Cir. 1963) ("Diversity of citizenship, not of residence, is required under 28 U.S.C.A. § 1332. Wherever jurisdiction is predicated upon the citizenship (or alienage) of the parties, it should be noted that **since residence is not the equivalent of citizenship, an allegation that a party is a resident of a certain state or foreign country is not a sufficient allegation of his citizenship**." (quotation and citation omitted) (emphasis added))).

"Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (citations, quotations, and footnote omitted). "And domicile requires both residence in a state **and** 'an intention to remain there indefinitely....' " *Travaglio*, 735 F.3d at 1269 (quoting *McCormick,* 293 F.3d at 1258 (internal quotation marks omitted)) (emphasis added). *See also Mas*, 489 F.2d at 1399 ("For diversity purposes,

citizenship means domicile; mere residence in the State is not sufficient.").

2. The Plaintiff has also sued Sandra Rogers in her capacity as representative of the Estate Dustin Rogers, deceased. For purposes of diversity jurisdiction, he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent…" 28 U.S.C. § 1332(c)(2). The Plaintiff has not alleged decedent Dustin Rogers's state of citizenship.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984). Upon consideration, the Plaintiff is **ORDERED** to file, no later than **Monday, November 13, 2017**, an amended complaint that corrects the above-noted deficiencies in its allegations supporting diversity jurisdiction under § 1332(a), or that alleges some alternative basis for subject matter jurisdiction. In filing the amended complaint, the Plaintiff must abide by the following directives:

- The amended complaint shall reproduce the entire original complaint as amended, *see* S.D. Ala. CivLR 15(a) ("Any amendment to a pleading … must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference."), and will become the operative complaint in this action.[4]

---

[4] "As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.' " *Pintando v. Miami-Dade Hous.*

- The Plaintiff must file the amended complaint as a freestanding pleading and not as an exhibit attached to a notice, motion, etc.

Any filing made in contravention of these directives will be deemed nonresponsive to this Order and will be summarily ordered stricken. Moreover, the failure to file an amended complaint as ordered may result in dismissal of this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Moreover, the Plaintiff, a corporation, has yet to file a disclosure statement as required by Federal Rule of Civil Procedure 7.1 (applicable to "nongovernmental corporate" parties) and S.D. Ala. CivLR 7.1 (applicable to "[a]ll non-governmental artificial entities appearing as parties"). The Plaintiff is **ORDERED** to do so no later than **Monday, November 13, 2017**.[5]

**DONE** and **ORDERED** this the 6th day of November 2017.

>  */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

*Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (*per curiam*) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)). *See also, e.g., Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

[5] Court's form available at:
www.alsd.uscourts.gov/sites/alsd/files/forms/CivilDisclosureStatement.pdf