IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| ROCKHILL INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SANDRA ROGERS, individually and as ) <br> personal representative of the ESTATE ) <br> OF DUSTIN ROGERS; and CRANE ) <br> INSPECTION SERVICES, INC., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO: <br><br> 1:17-cv-00480-N |

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the plaintiff, Rockhill Insurance Company (hereinafter "Rockhill"), and respectfully submits this First Amended Complaint for Declaratory Judgment pursuant to Rule 57, Federal Rules of Civil Procedure and 28 U.S.C. § 2201 *et seq*. As grounds for its Complaint, Rockhill states as follows:

**PARTIES**

1.  Plaintiff Rockhill is a corporation organized and existing under the laws of the State of Arizona with its principal place of business in Scottsdale, Arizona.

2.  Defendant Sandra Rogers is an individual over the age of nineteen (19) and was a resident citizen of Alabama at the time of the matters made the basis of this complaint and, upon information and belief, is currently a resident citizen of Florida.

3.  On or around September 19, 2013, the Probate Court of Mobile County,

Alabama granted Letters of Administration naming Sandra Rogers as the personal representative of the Estate of Dustin Rogers. At the time of his death, upon information and belief, Dustin Rogers was a resident citizen of Alabama as he resided in Alabama, worked in Alabama and was looking to buy a home in Alabama prior to his death.

4. Defendant Crane Inspection Services, Inc. is an entity organized and existing under the laws of the State of Alabama with its principal place of business in Fairhope, Alabama.

## JURISDICTION

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2201 and Rule 57, *Federal Rules of Civil Procedure*, and other applicable laws because an actual controversy exists as to whether Rockhill owes a duty to defend and indemnify Crane Inspection Services for claims asserted against Crane Inspection Services by Sandra Rogers, et al. in the *Sandra Rogers, et al. v. BBC Chartering USA, LLC, et al.* litigation, bearing CV-2016-901012, pending in the Circuit Court of Mobile County, Alabama. (A copy of said Complaint, as well as the First Amended Complaint, is attached hereto as Exhibit "A").

6. This Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00) and this controversy is between citizens of different states. In her Complaint, Sandra Rogers, et al. seeks recovery of compensatory and punitive damages.

## FACTS

7. All claims asserted by Sandra Rogers, et al. against Crane Inspection Services by way of the Complaints referenced above, arise out of and relate to work allegedly performed by Crane Inspection Services on a vessel's (BBC Louisiana) crane. The underlying Complaints allege that, on or around September 7, 2013, a steel rail being lifted via the ship's crane came loose, fell and struck the Decedent, Dustin Rogers. Sandra Rogers, et al. claim that Crane Inspection Services and the other named defendants are responsible as a result of their various involvement with the crane and lifting apparatus - consisting of a spreader box beam with attached chains and tongs - being used to lift multiple railroad rails at the time of the subject incident. (See Complaints, attached as Exhibit "A").

8. Crane Inspection Services is in the business of inspecting shore-based material-handling devices, as well as floating cranes and derricks, and certifying the same as OSHA compliant.

9. Rockhill issued a Commercial Follow Form Policy, bearing policy number RXSLGR000357-00, to Crane Inspection Services with an effective policy period from February 19, 2013 to December 19, 2013. (A copy of the Rockhill policy is attached hereto as Exhibit "B"). This policy is an excess policy over the Mesa Underwriters Specialty Insurance Commercial General Liability Policy (policy number MP0001001002490) issued to Crane Inspection Service. (A copy of the Mesa policy is

attached hereto as Exhibit "C").

10. Crane Inspection Services has demanded that Rockhill defend and indemnify Crane Inspection Services for the claims of Sandra Rogers and her minor children in the above-referenced lawsuit. Rockhill has previously advised Crane Inspection Services that no coverage is afforded to Crane Inspection Services under its Commercial Follow Form Policy, and Rockhill has reserved its rights to seek resolution of coverage questions.

11. The Rockhill policy, in relevant part, states:

> THIS POLICY PROVIDES COVERAGE ON A CLAIMS MADE BASIS IF THE SCHEDULED UNDERLYING POLICY PROVIDES CLAIMS MADE COVERAGE. IF COVERAGE IS SO PROVIDED ON A CLAIMS MADE BASIS, IT APPLIES ONLY TO CLAIMS MADE AGAINST AN INSURED DURING THE POLICY PERIOD OR EXTENDED REPORTING PERIOD, IF APPLICABLE. PLEASE READ THE ENTIRE POLICY CAREFULLY.
>
> **COMMERCIAL FOLLOW FORM POLICY**
>
> I.   INSURING AGREEMENT
>
> \* \* \*
>
> We, the Company, in return for the payment of the premium, agree with you, as follows:
>
> A.   Excess Following Form Liability Over Underlying Claims Made or Occurrence Coverage
>
> \* \* \*

> This insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the Underlying Insurance except as otherwise provided in this policy; provide, however, that in no event will this insurance apply unless the Underlying Insurance applies or would apply but for the exhaustion of its applicable Limit of Liability.

12. Rockhill submits that no duty exists under the Mesa Underwriters Specialty Insurance Commercial General Liability Policy (policy number MP0001001002490) issued to Crane Inspection Services - the "Underlying Insurance" - to defend or indemnify Crane Inspection Services for the claims by Sandra Rogers, *et al.* because the alleged conduct on the part of Crane Inspection Services constitutes a professional service and is excluded by the "Inspection, Appraisal and Survey Companies" exclusion contained in Form CG 22 24 07 98 Form. Additionally, the policy contains a punitive or exemplary damages exclusion and other provisions which apply to preclude coverage for the claims in the underlying lawsuit.

13. Pursuant to the language cited above, the Rockhill policy adopts and incorporates all terms, conditions, agreements, **exclusions** and definitions in the Mesa policy. Accordingly, the same "Inspection, Appraisal and Survey Companies" exclusion contained in the Mesa policy is made a party of the Rockhill policy.

14. Based on the clear and unambiguous language of Rockhill's policy, Rockhill asserts that a judicable controversy exists as to whether a duty exists for it to defend and indemnify Crane Inspection Services for any claims asserted and/or damages

allegedly suffered by Sandra Rogers, the Estate of Dustin Rogers and/or the minor children, Dallas and Landon Rogers. Rockhill asserts that it is not responsible for and does not owe defense or indemnity to Crane Inspection Services for the claims of Sandra Rogers, *et al.*

15. The Commercial Follow Form policy Rockhill issued to Crane Inspection Services contains certain terms, conditions and exclusions which are relevant to the duty of Rockhill to defend and indemnify Crane Inspection Services against the claims of Sandra Rogers, *et al.*

16. Rockhill now petitions this Court for an Order declaring that under its policy, Rockhill has no duty to defend or provide indemnification or coverage for Sandra Rogers', *et al.* claims against Crane Inspection Services in the underlying lawsuit.

## COUNT I

17. Rockhill adopts and incorporates paragraphs 1 through 16 as if fully restated and set forth herein.

18. Form CG 22 24 07 98 of the subject Mesa CGL policy contains exclusions, terms and conditions relevant to the duty on the part of Mesa to defend and indemnify Crane Inspection Services against the claims of Sandra Rogers, *et al.* In particular, the "Inspection, Appraisal and Survey Companies" exclusion precludes coverage for Sandra Rogers', *et al.* claims against Crane Inspection Services.

19. The Inspection, Appraisal and Survey Companies Exclusion states:

**EXCLUSION - INSPECTION, APPRAISAL AND SURVEY COMPANIES**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph 2., Exclusions of Section I - Coverage A - Bodily Injury and Property Damage Liability and Paragraph 2., Exclusion of Section I - Coverage B - Personal And Advertising Injury Liability:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" for which the insured may be held liable because of the rendering of or failure to render professional services in the performance of any claim, investigation, adjustment, engineering, inspection, appraisal, survey or audit services.

20. Pursuant to the unambiguous language contained in the Rockhill policy and cited above, this exclusion is made a part of the Rockhill policy.

21. Moreover, the Rockhill policy contains its own similar professional liability exclusions which states as follows:

> V. EXCLUSIONS
>
> The exclusions applicable to the Underlying Insurance also apply to this insurance. Additionally, the following exclusions apply.
>
> This policy will NOT apply:
>
> * * *

**14. Professional Liability**

to any error or omission, malpractice or mistake of a professional nature committed or alleged to have been committed by or on behalf of the insured in the conduct of any of the insured's business activities.

This exclusion also applies to any liability arising out of:

a. the performance of or failure to perform any fiduciary duty or service by or on behalf of any insured; or

b. the rendering of or failure to render any professional service, in whatever form, by or on behalf of any insured.

\* \* \*

VII. DEFINITIONS

The bold face terms appearing in this policy have the meanings as set forth in the Underlying Policy(ies); but, if no definition appears in such Underlying Policy(ies) the definitions in the paragraphs immediately below will apply.

\* \* \*

**16. Professional Liability**

Means:

any liability of the insured for damages covered by any Scheduled Underlying Insurance arising out of or attributable to any breach of duty, neglect, error, omission, misstatement, misleading statement or other wrongful act as defined in the Scheduled Underlying Insurance.

22. The Rockhill policy also contains an endorsement regarding the

professional liability exclusion which states as follows:

> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
>
> **Professional Liability Exclusion**
>
> This endorsement modifies insurance under the following:
>
> **Commercial Umbrella Policy**
> **Commercial Follow Form Policy**
> **Commercial Excess Liability Policy**
>
> This insurance shall not apply to any error or omission, malpractice or mistake of a professional nature committed or alleged to have been committed by or on behalf of the insured in the conduct of any of the insured's business activities.

23. Crane Inspection Services' only involvement with the crane and/or lifting apparatus in use at the time of Dustin Rogers' death was the inspection and certification of the PBS 26 box beam spreader bar owned by Premier Bulk Stevedoring, LLC as to its load capacity.

24. Because all claims asserted by Sandra Rogers, *et al.* against Crane Inspection Services arise out of and relate to the alleged failure on the part of Crane Inspection Services to render professional services, in particular the appropriate inspection and certification of Premier's PBS 26 spreader box beam being used by Premier at the time of the alleged incident, such claims are precluded from coverage by way of the Inspection, Appraisal and Survey Companies exclusion contained in the

Commercial General Liability policy issued by Mesa to Crane Inspection Services and also made a part of the Commercial Follow Form policy issued by Rockhill to Crane Inspection Services.

25. Rockhill therefore petitions this Court for an order declaring that under its policy, Rockhill has no duty to defend or provide any indemnification and/or coverage for Crane Inspection Services in the underlying lawsuit.

## COUNT II

26. Rockhill adopts and incorporates paragraphs 1 through 25 as if fully restated and set forth herein.

27. Pursuant to the Punitive or Exemplary Damages Exclusion contained in Form MUS 01 01 20003 0412 of the Mesa policy issued to Crane Inspection Services and made a part of the Commercial Follow Form policy Rockhill issued to Crane Inspection Services, certain damages sought by Sandra Rogers, *et al.* in the underlying lawsuit are excluded from coverage.

28. Specifically, the Punitive or Exemplary Damages Exclusion contained in the Mesa policy and made a part of the Rockhill policy states as follows:

> In consideration for the premium charged, it is understood and agreed that the following shall apply to this policy:
>
> * * *
>
> PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION

> This policy does not apply to any claim or indemnification for punitive or exemplary damages. If a suit is brought against the Insured for a claim falling within the coverage provided by the policy, seeking both compensatory and punitive or exemplary damages, then the Company will afford a defense to such action. The Company shall not have an obligation to pay for any costs, interest, or damages attributable to punitive or exemplary damages.

29. Moreover, the Rockhill policy contains its own Punitive Damages or Exemplary Damages exclusion in an endorsement to the policy which states as follows:

> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
>
> **Exclusion - Punitive Damages or Exemplary Damages**
>
> This endorsement modifies insurance under the following:
>
> **Commercial Umbrella Policy**
> **Commercial Follow Form Policy**
> **Commercial Excess Liability Policy**
>
> This insurance does not apply to any punitive damages or exemplary damages.

30. Rockhill now petitions this Court for an order declaring that under its policy, Rockhill has no duty to defend or provide any indemnification and/or coverage for Crane Inspection Services in the underlying lawsuit against claims for punitive damages.

## CLAIM FOR RELIEF

31. Rockhill submits to this Court that no duty exists to defend or indemnify

Crane Inspection Services under the subject insurance policy, which incorporates Mesa's Commercial General Liability policy issued to Crane Inspection Services, for the claims or damages asserted by Sandra Rogers, *et al.* against Crane Inspection Services in the *Sandra Rogers, et al. v. BBC Chartering USA, LLC, et al.* litigation. These reasons include, but are not limited to the following:

      a.    The Inspection, Appraisal and Survey Companies exclusion found in the Mesa policy and made a part of the Rockhill policy precludes coverage;

      b.    The Professional Liability exclusion found in the Rockhill policy excludes coverage;

      c.    The Punitive or Exemplary Damages Exclusion found in the Mesa policy and made a part of the Rockhill policy excludes coverage; and

      d.    The Punitive or Exemplary Damages Exclusion found in the Rockhill policy excludes coverage.

32.   Additional terms and conditions of the various portions of the Rockhill policy issued to Crane Inspection Services may apply and operate to bar and exclude coverage of the claims made by Sandra Rogers, *et al.* By filing this Complaint for Declaratory Judgment, Rockhill does not waive, but specifically reserves the right to enforce any and all terms and conditions of the subject insurance policy.

33.   Rockhill requests this Court take jurisdiction over this declaratory judgment action and, upon a hearing of all relevant evidence, determine that Rockhill has no obligation or duty under the Rockhill insurance policy to defend or indemnify Crane

Inspection Services for any of the claims or damages asserted by Sandra Rogers, *et al.* in the underlying lawsuit.

34.     Rockhill also requests this Court to grant any and all additional or different relief as may be appropriate in order to establish substantial justice among the parties.

WHEREFORE, PREMISES CONSIDERED, Rockhill Insurance Company requests this Court to take jurisdiction of this dispute and, upon hearing the issues presented above and any other matters that may arise during the course of this litigation, enter judgment on behalf of and in favor of Rockhill declaring that it owes no duty to defend or indemnify Crane Inspection Services for any claims asserted, or sought to be asserted by Sandra Rogers, individually and on behalf of any other plaintiff in the underlying lawsuit.

Respectfully submitted,

*/s/Christopher J. Zulanas*
Christopher J. Zulanas
Bar ID: ASB-1572-U82C
Gwendolyn A. Gordon
Bar ID:  ASB-2775-O74A
Counsel for Plaintiff
Rockhill Insurance Company

OF COUNSEL:
Friedman, Dazzio, Zulanas & Bowling, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
czulanas@friedman-lawyers.com
ggordon@friedman-lawyers.com
(205) 278-7000 Phone
(205) 278-7001 Facsimile

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the above and foregoing pleading upon all counsel of record, via U.S. Mail, first class postage prepaid and properly addressed, on this the 8th day of November, 2017.

**Defendants Via Certified Mail:**

Sandra Rogers
c/o Desmond V. Tobias and Jason S. McCormick
Tobias, McCormick & Comer, LLC
1203 Dauphin Street
Mobile, Alabama 36604

Crane Inspection Services, Inc.
c/o James E. Pritchett
7 1/2 White Ave
Fairhope, AL 36532

                                                      */s/Christopher J. Zulanas*
                                                      Of Counsel